**Maria Del Rosario BALTAZAR BARRAZA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–75910.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Shawn S. Sedaghat, Esquire, Law Offices of Shawn Sedaghat, Hollywood, CA, for Petitioner.

Maria del Rosario Baltazar Barraza, Hesperia, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony W. Norwood, Senior Litigation Counsel, OIL, U.S. Department of Justice, Civil Division/Of-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

fice of Immigration Litigation, Washington, DC, for Respondent.

Before: PAEZ, TALLMAN and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Maria Del Rosario Baltazar Barraza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Baltazar Barraza failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

Contrary to Baltazar Barraza's contention, the IJ's application of the hardship standard falls within the broad range authorized by statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004 (9th Cir. 2003).

We lack jurisdiction to consider Baltazar Barraza's claim regarding the IJ's conduct of her hearing because the issue was not exhausted before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004). To the extent Baltazar Barraza now contends that her former attorneys provided ineffective assistance of counsel, we lack jurisdiction to consider this claim because

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

it also was not exhausted before the BIA. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000).

Finally, to the extent Baltazar Barraza contends that the BIA did not consider some or all of the evidence in the record, she fails to overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales,* 439 F.3d 592, 603 (9th Cir.2006).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**